**2013 UT App 54**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

IRENE GARCIA,

*Defendant and Appellant.*

Per Curiam Decision
No. 20120147-CA
Filed February 28, 2013

Third District, Salt Lake Department
The Honorable Vernice Trease
No. 101909277

Debra M. Nelson and Brenda M. Viera, Attorneys for Appellant
John E. Swallow and Michelle M. Young, Attorneys for Appellee

Before JUDGES DAVIS, VOROS, and CHRISTIANSEN.

PER CURIAM:

¶1     Irene Garcia appeals her conviction for arranging to distribute a controlled substance. We affirm.

¶2     When evaluating a challenge to the sufficiency of the evidence, appellate courts "review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict of the jury." *State v. Shumway*, 2002 UT 124, ¶ 15, 63 P.3d 94. A jury's verdict will be reversed for insufficient evidence only when "the evidence is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which

[she] was convicted." *Id*. Garcia asserts that there was insufficient evidence to support a conviction. We disagree.

¶3    The undercover detective who participated in the operation testified about the events. He stated that he walked toward a concentration of people near the middle of Pioneer Park. As he neared the area, he saw Garcia circling on her bicycle in the area. Garcia approached the detective and initiated contact by asking a question along the lines of, "what are you looking for?" or "how much do you want?" Although he could not recall the exact phrase, the detective testified that given his experience in drug stings, he understood her to be asking him if he wanted to buy drugs.

¶4    The detective responded, "forty white," a slang term for a specific amount of cocaine. Garcia immediately called out to a male about thirty feet away, "quarenta," meaning forty, and directed him to come to her and the detective. There was no hesitation or indication that she did not understand what the detective was requesting. When the male came over, Garcia observed as the detective showed the money, two twenty dollar bills, and the male provided two twists of cocaine and completed the transaction.

¶5    Garcia argues that she was merely a translator for a conversation and that the evidence is not sufficient to establish that she intended to arrange a drug transaction. However, it was Garcia who initiated contact and solicited the transaction and who directed the holder of the drugs to come and complete the deal. The evidence viewed in the light most favorable to the jury's verdict is sufficient to infer that Garcia intended to arrange a drug transaction.

¶6    Affirmed.

——————